UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | CV 23-7498-MWF (DFMx) | Date:  June 20, 2024 |
| Title: | Mandi Peterson v. Vivendi Ticketing US LLC | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**    ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT [39]

   Before the Court is a Motion for Preliminary Approval of Class Action Settlement (the "Motion"), filed on May 24, 2024, by Plaintiffs Mandi Peterson, Scott Fitzgerald, Zachary Richmond, Tom Loughead, Mason Verderame, Katie Jezierny, Rian Bodner, Christopher Aragon and Candice Zinner.  (Docket No. 39).  No opposition was filed.

   The Motion was noticed to be heard on **June 17, 2024**.  The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7–15.  The hearing was therefore **VACATED** and removed from the Court's calendar.

   For the reasons discussed below, the Motion is **GRANTED**.  The proposed settlement is procedurally and substantively fair and is not contingent upon approval of the requested award.  The proposed class also meets the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3).  Finally, the proposed notice and dissemination procedures appear effective and meet the requirements of Rule 23(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-7498-MWF (DFMx)                     Date:  June 20, 2024
Title:     Mandi Peterson v. Vivendi Ticketing US LLC

## I. BACKGROUND

### A. Factual and Procedural Background

On December 1, 2023, Plaintiffs filed a Consolidated Complaint against Defendant Vivendi Ticketing US LLC.  (Docket No. 22).  Plaintiffs bring this class action on behalf of all similarly situated individuals whose personal identifying information ("PII"), including names, addresses, and payment card information, was compromised by an alleged data breach that Defendant discovered in or around May 2023 (the "Data Security Incident").  (*Id*. ¶¶ 2–4).  Plaintiffs assert that Defendant learned that an unknown third party obtained unauthorized access to its customer data between February 28, 2023, and July 2, 2023.  (*Id*. ¶ 4).  It was not until on or around September 6, 2023, that Defendant sent notice of the Data Security Incident to approximately 323,498 individuals whose PII was subject to unauthorized access.  (*Id*. ¶ 5).

Plaintiffs assert that Defendant's failure to timely notify Plaintiffs of the Data Security Incident for five months left them particularly vulnerable to having their PII misused.  (*Id*. ¶ 6).  Additionally, Plaintiffs assert that Defendant's failure to take reasonable security measures and abide by best practices, industry standards and federal or state laws regarding security of PII, left Defendant's customers vulnerable to identity theft, financial loss, and other associated harms.  (*Id*. ¶ 11).

Less than a year before, in October 2022, Defendant had reported a similar major data breach which affected over 400,000 individuals.  (*Id*. ¶ 13).  Given this prior breach, Plaintiffs assert that the potential for improper disclosure of Plaintiffs' PII was a known risk to Defendant and thus Defendant was on notice that failing to take necessary steps to secure PII would create a dangerous situation.  (*Id*. ¶ 14).

Based on the forgoing, the Consolidated Complaint alleges the following claims for relief on behalf of Plaintiffs and the punitive class:

(1)     Negligence;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-7498-MWF (DFMx)                    Date:  June 20, 2024
Title:    Mandi Peterson v. Vivendi Ticketing US LLC

(2) Breach of contract;

(3) Unjust enrichment/quasi-contract;

(4) Violation of the New York General Business Law, N.Y. Gen. Bus. Law § 349, *et seq.*;

(5) Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 I11. Comp. Stat. 505/1, *et seq.*;

(6) Violation of the Illinois Uniform Deceptive Trade Practices Act, 815 I11. Comp. Stat. 510/2, *et seq.*;

(7) Violation of the Washington Consumer Protection Act, Wash. Rev. Code Ann., § 19.86.020, *et seq.*;

(8) Violation of the California Consumer Privacy Act, Cal. Civil Code § 1798.100, *et seq.*;

(9) Violation of the California Consumer Legal Remedies Act, Cal. Civil Code §1750, *et seq.*;

(10) Violation of the California Constitution's right to privacy (Cal. Const., art. I, § 1);

(11) Violation of the Michigan Consumer Protection Act, Mich. Comp. Laws Ann. §§ 445.903, *et seq.*;

(12) Violation of the Ohio Consumer Sales Practices Act, Ohio Rev. Code §§ 1345.01 *et seq.*; and

(13) Violation of the Ohio Deceptive Trade Practices Act, Ohio Rev. Code §§ 4165.01 *et seq.*

(*Id.* ¶ 17).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-7498-MWF (DFMx)                             Date:  June 20, 2024
Title:     Mandi Peterson v. Vivendi Ticketing US LLC

**B.     The Settlement**

The proposed settlement agreement (the "Settlement Agreement" or "Agreement") is attached to the Declaration of Mason A. Barney ("Barney Decl.") as Exhibit 1.  (Docket No. 39-2).  The Settlement Agreement contains the following key class definition, monetary relief, notice, and release provisions:

- "Settlement Class" or "Class Members" collectively includes the Settlement Class and the California Settlement Sub-Class.  (Settlement Agreement § II.B).

    o   The "Settlement Class" represented by Plaintiffs is defined as "all individuals in the United States whose information was accessed in the Data Security Incident and who received notice of the Data Security Incident from [Defendant]."  (*Id*.).

    o   The "California Settlement Sub-Class" represented by Plaintiff Christopher Aragon is defined as "all individuals residing in California as of the Notice Date whose information was assessed in the Data Security Incident and who received notice of the Data Security Incident from [Defendant]."  (*Id*.).

- "Settlement Fund" is the $3,250,000 settlement amount to be paid by Defendant from which Class Members' settlement awards, Class Counsel attorney's fees, cost and expenses, Named Plaintiff service payments, and administrative costs will be paid.  (*Id*. § II.E.2).

- The Settlement Fund will be used to pay Initial Cash Distributions of up to (1) $2,000 per Class Member for documented, ordinary and unreimbursed out-of-pocket expenses; (2) $5,000 per Class Member for extraordinary expenses; and (3) $100 per California Settlement Sub-Class Member for the California Statutory Award benefit.  (*Id*. § II.H.2).  Additionally, Class Members may choose between (1) 36 months of three-bureau credit reporting, *or* (2) a cash payment equal to a *pro rata*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 23-7498-MWF (DFMx) | **Date:** June 20, 2024 |
| **Title:** Mandi Peterson v. Vivendi Ticketing US LLC | |

distribution of the remainder of the Settlement Fund, up to $100 per person. (*Id.*).

- To the extent additional funds remain after calculating payment of the above distributions, a second cash distribution on a *pro rata* basis may be added to the payment to every claimant, so long as it will not be *de minimis*. (*Id.*).

- Defendant has agreed to implement the following security measures, to be fully implemented within 6 months from the Effective Date of the Settlement, the cost of which will be borne by Defendant separate from the Settlement Fund:

    o (a) creation of a position responsible for information security with a person qualified for the position ("CISO"), who will be responsible for program(s) to protect the security of its customers' payment card data and PII, including Defendant's compliance with PCI DSS;

    o (b) performance of a security assessment for the organization based on an established industry standard conducted at least annually by an independent third party;

    o (c) a company-wide encryption policy that provides for encryption of customer payment card data to include encryption and tokenization of payment card data at rest and in movement;

    o (d) a firewall on all Defendant's U.S. websites;

    o (e) retention of an established third-party IT security vendor to conduct penetration testing at least twice a year;

    o (f) endpoint protection and anti-malware software or tools on all servers and employee laptops with monitoring, reporting, and alerts for malware;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-7498-MWF (DFMx)                    Date:  June 20, 2024
Title:     Mandi Peterson v. Vivendi Ticketing US LLC

- o (g) implementation of multi-factor authentication for employee access to corporate systems or other systems containing payment card data;

- o (h) training for all employees regarding safe cyber security practices, provided twice a year;

- o (i) encouraging personnel to report any concerns about Defendant's information security systems to the CISO or some other designated employee of the company; and

- o (j) reviewing and updating the company's data retention policy annually. (*Id.* § II.E.3).

- All Class Members will be given individual notice by being emailed the Class Notice, which is attached to the Settlement Agreement as Exhibit A. (*Id.* § II.J.2).  The Class Notice will provide a link to the Claim Form, which is attached to the Settlement Agreement as Exhibit C. (*Id.*).  If any emails are returned as undeliverable, or the email addresses are otherwise unusable, or if Plaintiffs' Counsel and the Settlement Administrator agree that additional mailing notice is necessary, then the Settlement Administrator may provide notice to some class members by U.S. mail in substantially the form of the Class Notice.  (*Id.*).

- At least 65 days after the Notice Date, the Settlement Administrator will issue a reminder notice by email, in the form attached to the Settlement Agreement with appropriate edits showing that it is a reminder.  (*Id.*).

- The online Claim Form, which is attached to the Settlement Agreement as Exhibit C, will also be on the Settlement Website, along with the Long Form Notice, attached to the Settlement Agreement as Exhibit B.  (*Id.* § II.G).  The Settlement Agreement and Plaintiffs' eventual motions for attorneys' fees and expenses and final approval will also be on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 23-7498-MWF (DFMx)**                             **Date:  June 20, 2024**
**Title:     Mandi Peterson v. Vivendi Ticketing US LLC**

---

Settlement Website.  (*Id*.).  Furthermore, a toll-free number and P.O. Box will be available to address inquiries.  (*Id*.).

- Class Members who wish to object to or opt-out of the Settlement Agreement must do so in writing and must submit their objections or opt-out request no later than sixty (60) days after the Notice Date.  (*Id.* §§ II.K, II.L).

- Upon entry of the Final Approval Order, the Class Members will be deemed to have fully and finally released Defendant.  (*Id.* § II.I). The "Released Claims," as defined in the Settlement Agreement, are limited to claims "arising out of or relating to actual or alleged facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act relating to the Data Security Incident[.]"  (*Id.* § II.A.6).  The Release shall not include the claims of Class Members who timely exclude themselves.  (*Id.*).

## II.     PRELIMINARY APPROVAL OF SETTLEMENT

"Approval of a class action settlement requires a two-step process — a preliminary approval followed by a later final approval."  *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 319 (C.D. Cal. 2016).  The standard of review differs at each stage.  At the preliminary approval stage, the Court need only "evaluate the terms of the settlement to determine whether they are within a range of possible judicial approval." *Wright v. Linkus Enters., Inc.*, 259 F.R.D. 468, 472 (E.D. Cal. 2009).

"[P]reliminary approval of a settlement has both a procedural and a substantive component."  *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007).  Procedurally, the Ninth Circuit emphasizes that the parties should have engaged in an adversarial process to arrive at the settlement.  *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution, and have never prescribed a particular formula by which that outcome must be tested." (citations

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 23-7498-MWF (DFMx) | Date:  June 20, 2024 |
| Title:       Mandi Peterson v. Vivendi Ticketing US LLC | |

omitted)). "A presumption of correctness is said to attach to a class settlement reached in arm's-length negotiations between experienced capable counsel after meaningful discovery." *Spann*, 314 F.R.D. at 324 (citation omitted).

Substantively, the Court should look to "whether the proposed settlement discloses grounds to doubt its fairness or other obvious deficiencies such as unduly preferential treatment of class representatives or segments of the class, or excessive compensation of attorneys." *Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 666 (E.D. Cal. 2008) (citing *West v. Circle K Stores, Inc.*, No. 04-cv-0438-WBS, 2006 WL 1652598, at *11 (E.D. Cal. June 13, 2006)).

### A.    **Procedural Component**

The proposed settlement appears to be procedurally fair to Class Members:

Class Counsel have substantial experience handling complex litigations and class actions across carious practice areas, including data breach class actions.  (Barney Decl. ¶¶ 9, 12 & Exhibit 3–5).  Additionally, Class Counsel have worked on behalf of the punitive class since the Data Security Incident was first announced, have evaluated the legal and factual disputes and therefore have dedicated ample time and resources to the litigation.  (*Id*.).  Class Counsel have also been appointed by courts to various leadership positions in class actions and have achieved notable settlements for their clients and class members.  (Barney Decl. ¶ 12).

The parties conducted extensive informal discovery prior to reaching the Settlement Agreement.  (Barney Decl. ¶ 9).  Formal discovery is not necessary where the parties have "sufficient information to make an informed decision about the settlement." *Linney v. Cellular Alaska Partnership*, 151 F.3d 1234, 1239 (9th Cir. 1998).  Plaintiffs vigorously gathered all available information regarding the Data Security Incident, including publicly available documents concerning announcements and notice of the Incident and non-public information concerning the size and makeup of the Settlement Class and the circumstances that led to the Incident.  (*Id*.).  Plaintiffs also conducted researched of other similar data breach settlements to compare with the instant Settlement and concluded that the Settlement compares favorably.  (*Id*.).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 23-7498-MWF (DFMx) | **Date:** June 20, 2024 |
| **Title:** Mandi Peterson v. Vivendi Ticketing US LLC | |

Defendant also provided additional discovery to assist Plaintiffs in understanding the scope of the Data Security Incident and to confirm that all the remedial measures being undertaken are properly responsive. (*Id.* ¶ 10). Plaintiff expects to receive additional confirmatory discovery from Defendant. (*Id.*).

Additionally, on March 11, 2024, the parties engaged in an all-day mediation session to negotiate the material terms of a resolution of the class claims. (*Id.* ¶ 5). After a full day of extensive back-and-forth discussions relating to the structure and substance of the Settlement Agreement, the parties reached an agreement on all material terms. (*Id.*). The negotiation was under the direction of mutually agreed-upon mediator, Robert Meyers of JAMS, who has extensive experience mediating and managing multiparty and multifaceted cases, which tends to support that the agreement was non-collusive. *See Alberto*, 252 F.R.D. at 666–67 (noting the parties' enlistment of "a prominent mediator with a specialty in [the subject of the litigation] to assist the negotiation of their settlement agreement" as an indicator of non-collusiveness) (citing *Parker v. Foster*, No. 05-cv-0748-AWI, 2006 WL 2085152, at *1 (E.D. Cal. July 26, 2006)); *Glass v. UBS Fin. Servs., Inc.*, No. 06-cv-4068-MMC, 2007 WL 221862, at *5 (N.D. Cal. Jan. 26, 2007)).

The Court therefore concludes that the proposed class is represented by experienced counsel who engaged in meaningful discovery while pursuing arms-length settlement negotiations. The procedural component of the inquiry is met.

### B. **Substantive Component**

The Court also determines that the Agreement appears to be reasonable and fair to Class Members.

As discussed above, Defendant has agreed to pay $3,250,000 to Class Members. (Agreement § II.E.2). The Settlement Class encompasses approximately 323,498 people. (Barney Decl. ¶ 11). Since this Settlement amount is in line with or exceeds other settlements in cases involving data breaches of similar scope, the Settlement amount is reasonable. *See Carter v. Vivendi Ticketing US LLC*, No. 22-cv-1981-CJC,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 23-7498-MWF (DFMx) | **Date:** June 20, 2024 |
| **Title:** Mandi Peterson v. Vivendi Ticketing US LLC | |

2023 WL 8153712 *2 (C.D. Cal. Oct. 30, 2023) (granting preliminary approval of a $3 million settlement for a data breach involving approximately 431,635 individuals).

Additionally, the Agreement offers relief beyond monetary compensation. Defendant has agreed to implement numerous security measures for a period of at least two years from the date of implementation, to be fully implemented within six months from the Effective Date of the Settlement. (Settlement Agreement § II.E.3). This non-monetary relief benefits all Class Members, which supports that the Agreement was substantially fair. *See In re Anthem, Inc. Data Breach Litigation*, 327 F.R.D. 299, 319 (N.D. Cal. 2018) (holding that a data breach settlement agreement that offered a similar plan of monetary distribution and required the defendant to make changes to its data security systems was evidence that the agreement was fair, adequate, and reasonable).

The risks, expenses, and duration of further litigation support the Court's conclusion that the Agreement is substantively fair. Plaintiffs' counsel foresees an inherent risk in continuing to pursue this action, which will likely result in litigation costs, attorneys' fees, and delayed recovery. *See, e.g.*, *Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) (emphasizing the requirement that courts "consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere possibility of relief in the future, after protracted and expensive litigation" (citation omitted)). The Court agrees that, if litigation were to proceed, there is a fair possibility that Plaintiffs and/or the Settlement Class do not prevail. For example, if the case were to proceed through trial, Plaintiffs would encounter risks in obtaining and maintaining certification of the class. (Motion at 15).

The Court now turns to whether the Agreement's provisions on attorneys' fees and costs and Plaintiffs' enhancement payments are substantively fair.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-7498-MWF (DFMx)                    Date:  June 20, 2024
Title:     Mandi Peterson v. Vivendi Ticketing US LLC

    **1.    Attorneys' Fees and Costs**

In the Ninth Circuit, there are two primary methods to calculate attorneys' fees: the lodestar method and the percentage-of-recovery method. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d at 949 (citation omitted).

"The lodestar method requires 'multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer.'" *Id.* (citation omitted). "Under the percentage-of-recovery method, the attorneys' fees equal some percentage of the common settlement fund; in this circuit, the benchmark percentage is 25%." *Id.* (citation omitted). However, the "benchmark percentage should be adjusted, or replaced by a lodestar calculation, when special circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors." *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990).

"The Ninth Circuit has identified a number of factors that may be relevant in determining if the award is reasonable: (1) the results achieved; (2) the risks of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee; (5) the burdens carried by class counsel; and (6) the awards made in similar cases." *Martin v. Ameripride Services, Inc.*, No. 08-cv-440–MMA, 2011 WL 2313604, at *8 (S.D. Cal. June 9, 2011) (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048–50 (9th Cir. 2002)). The choice of "the benchmark or any other rate must be supported by findings that take into account all of the circumstances of the case." *Vizcaino*, 290 F.3d at 1048.

Class Counsel intend to apply for a fee award of $812,500, which represents 25% of the Settlement Fund. (Barney Decl. ¶ 7). Class Counsel is therefore seeking the benchmark award for attorneys' fees as recognized in this Circuit. *See In re Online DVD-Rental Antitrust Litigation*, 779 F.3d at 949; *See also Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) (noting that attorney's fee awards ordinarily range from 20–30% of the common fund). According to Plaintiffs' counsel,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 23-7498-MWF (DFMx) | Date: June 20, 2024 |
| Title: Mandi Peterson v. Vivendi Ticketing US LLC | |

they will file a motion for attorneys' fees and expenses prior to the deadline by which members of the Settlement Class must object. (Motion at 6).

### 2. Service Award

Named Plaintiffs intend to apply for service awards of no more than $2,500 per person. (Motion at 7). This amount does not appear to be unreasonable, as incentive awards typically range between $2,000 and $10,000. *See Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 267 (N.D. Cal. 2015) (collecting cases).

Because the Court finds the Agreement to be procedurally and substantively fair, the Motion is therefore **GRANTED** insofar as the Agreement is preliminarily **APPROVED**.

## III. CLASS CERTIFICATION

Plaintiffs seek certification of a class for settlement purposes only pursuant to Federal Rule of Civil Procedure 23(b)(3). A court may certify a class for settlement purposes only. *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d at 942. In *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997), the Supreme Court explained the differences between approving a class for settlement and for litigation purposes:

> Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, *see* Fed. Rule Civ. Proc. 23(b)(3)(D), for the proposal is that there be no trial. But other specifications of the Rule — those designed to protect absentees by blocking unwarranted or overbroad class definitions — demand undiluted, even heightened, attention in the settlement context. Such attention is of vital importance, for a court asked to certify a settlement class will lack the opportunity, present when a case is litigated, to adjust the class, informed by the proceedings as they unfold.

*Id.* at 620.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 23-7498-MWF (DFMx)          Date: June 20, 2024
Title:     Mandi Peterson v. Vivendi Ticketing US LLC

As discussed above, the "Settlement Class" collectively includes (1) the Settlement Class represented by Plaintiffs defined as "all individuals in the United States whose information was accessed in the Data Security Incident and who received notice of the Data Security Incident from [Defendant]," and (2) the California Settlement Sub-Class defined as "all individuals residing in California as of the Notice Date whose information was assessed in the Data Security Incident and who received notice of the Data Security Incident from [Defendant]." (Agreement § II.B).

Rule 23(a) requires the putative class to meet four threshold requirements: numerosity, commonality, typicality, and adequacy of representation. *Id.*; *see also Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 512 (9th Cir. 2013). In addition, the proposed class must satisfy Rule 23(b)(3), which requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Considering these requirements, the Court concludes that class certification is appropriate.

### A.    Rule 23(a)

#### 1.    Numerosity

Under Rule 23(a)(1), a class must be "so numerous that joinder of all members is impracticable . . . ." *Id.* The Settlement Class encompasses approximately 323,498 people. (Barney Decl. ¶ 11). This is more than enough to satisfy Rule 23(a)(1)'s numerosity requirement.

#### 2.    Commonality

Rule 23(a)(2) requires that the case present "questions of law or fact common to the class." *Id.* The Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), clarified that to demonstrate commonality, the putative class must show that their claims "depend upon a common contention . . . that it is capable of classwide resolution — which means that determination of its truth or falsity will

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 23-7498-MWF (DFMx)          Date: June 20, 2024
Title:      Mandi Peterson v. Vivendi Ticketing US LLC

resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* at 350.

That requirement is met here, as each Class Member seek resolution of the same legal and factual issues, such as (1) whether Defendant's data security systems prior to and during the Data Security Incident complied with applicable federal and state laws and regulations; (2) whether Defendant was negligent in failing to properly secure and protect Plaintiffs' and the Class's PII; (3) whether Defendant was unjustly enriched by its actions; and (4) whether Plaintiffs and the Class are entitled to damages, injunctive relief, or other equitable relief, and the measure of such damages and relief. (*See* Consolidated Complaint ¶ 152). The commonality requirement is therefore satisfied.

### 3. Typicality

Rule 23(a)(3) requires the putative class to show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." *Wal-Mart Stores, Inc.* 564 U.S. at 345. The claims of the representative parties need not be identical to those of the other putative class members; "[i]t is enough if their situations share a 'common issue of law or fact,' and are 'sufficiently parallel to insure a vigorous and full presentation of all claims for relief.'" *Cal. Rural Legal Assistance, Inc. v. Legal Servs. Corp.*, 917 F.2d 1171, 1175 (9th Cir. 1990) (citations omitted). Here, Plaintiffs allege that their PII was compromised and that they were impacted by the same allegedly inadequate data security that harmed the rest of the Settlement Class. (Motion at 9). Accordingly, the typicality requirement is satisfied.

### 4. Adequacy

Finally, Rule 23(a)(4) requires the representative parties to "fairly and adequately protect the interests of the class." *Wal-Mart Stores, Inc.* 564 U.S. at 345. "In making this determination, courts must consider two questions: '(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1031 (9th Cir. 2012) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 23-7498-MWF (DFMx) | Date: June 20, 2024 |
| Title: Mandi Peterson v. Vivendi Ticketing US LLC | |

Additionally, "the honesty and credibility of a class representative is a relevant consideration when performing the adequacy inquiry because an untrustworthy plaintiff could reduce the likelihood of prevailing on the class claims." *Harris v. Vector Mktg. Corp.*, 753 F. Supp. 2d 996, 1015 (N.D. Cal. 2010) (citation omitted).

As to the first prong, the Court perceives no obvious conflicts between Plaintiffs and their counsel and the other Class Members. Plaintiffs are not subject to any unique defenses, have experienced the same injuries as the other Class Members, and seek compensation from Defendant. (Motion at 9–10). As to the second prong, as already discussed, Plaintiffs and Class Counsel have vigorously prosecuted this action, Class Counsel have substantial experience litigating similar types of class actions, and there is no reason to believe that Plaintiffs and Class Counsel would not vigorously pursue this action on behalf of the Settlement Class. The adequacy requirement is satisfied.

The requirements imposed by Rule 23(a) are thus satisfied. The Court next considers whether the additional requirements of Rule 23(b)(3) are met.

**B.** **Rule 23(b)(3)**

Rule 23(b)(3) allows the Court to certify a class seeking class-wide monetary relief but only if the additional requirements of predominance and superiority are satisfied. *See* Fed. R. Civ. P. 23(b)(3); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997) (discussing relevance of "predominance" and "superiority" requirements of Rule 23(b)(3)).

**1.** **Predominance**

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods*, 521 U.S. at 623. It involves similar questions as the commonality analysis, but it "is even more demanding than Rule 23(a)." *Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013). Predominance should be found when "common questions present a significant aspect of the case and they can be resolved for all members of the class in a single

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 23-7498-MWF (DFMx) | Date: June 20, 2024 |
| Title: Mandi Peterson v. Vivendi Ticketing US LLC | |

adjudication." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998) (internal citation omitted).

Here, Plaintiffs' claims depend on the common question of whether Defendant used reasonable data security measures to protect consumers' PII. (Motion at 10–11). A common question is one where "the same evidence will suffice for each member to make a prima facie showing [or] the issue is susceptible to generalized, class-wide proof." *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016). Since the question here can be resolved using the same evidence for all Class Members, a single adjudication is appropriate and thus, the predominance requirement is satisfied. *Id*.

## 2. Superiority

Rule 23(b)(3)'s superiority requirement is also met. Rule 23(b)(3) sets out the following four factors that together indicate that a class action is "superior to other available methods for the fair and efficient adjudication of the controversy":

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3). "The purpose of the superiority requirement is to assure that the class action is the most efficient and effective means of resolving the controversy." *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) (citation omitted).

When deciding whether to certify a settlement class, the fourth superiority factor need not be considered. *See Amchem*, 521 U.S. at 620 ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems[.]").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. **CV 23-7498-MWF (DFMx)**          Date: **June 20, 2024**
Title:     Mandi Peterson v. Vivendi Ticketing US LLC

Here, the three relevant factors favor certifying the proposed Settlement Class:

Under the first factor, individual Class Members do not have a strong interest in prosecuting their individual claims. Each Class Member's damages or financial detriment is relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant. (Consolidated Complaint ¶ 157). Thus, a class action is a more efficient means for each individual Member to pursue his or her claims. *See Wolin*, 617 F.3d at 1175 ("Where recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis, this factor weighs in favor of class certification."). Moreover, because the claims of all putative Class Members are virtually identical, individual suits would require duplicative efforts. *See Westways World Travel, Inc. v. AMR Corp.*, 218 F.R.D. 223, 240 (C.D. Cal. 2003) ("Here, no one member of the Class has an interest in controlling the prosecution of the action because the claims of all members of the Class are virtually identical.").

With respect to the second factor, there does not appear to be any other litigation currently or previously pending by any Class Member concerning similar claims to those at issue in this action.

Finally, as to the third factor, it is desirable to concentrate litigation before this Court. Defendant's principal place of business is in California. (Consolidated Complaint ¶ 68), which supports litigation in this forum. *See In re Anthem, In. Data Breach Litigation*, 327 F.R.D. 299, 316 (N.D. Cal. 2018) (holding that since Defendant conducted substantial business in California maintained several offices in the state, it was desirable to concentrate litigation in that forum). Considering the presence of Defendant in California and the inclusion of a California sub-class, this Court is a proper forum for resolution of the action. *Negrete v. Allianz Life Ins. Co. of N. Am.*, 238 F.R.D. 482, 495 (C.D. Cal. 2006) ("[B]ecause plaintiffs have alleged an overarching fraudulent scheme and include a California sub-class, it is desirable to consolidate the claims in this forum.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-7498-MWF (DFMx)                           Date:  June 20, 2024
Title:       Mandi Peterson v. Vivendi Ticketing US LLC

Accordingly, the Motion is **GRANTED** insofar as the proposed class is **CERTIFIED** for purposes of settlement.

## IV.    NOTICE AND SETTLEMENT ADMINISTRATION

After the Court certifies a class under Rule 23(b)(3), it must direct to class members the best notice practicable under the circumstances.  Fed. R. Civ. P. 23(c)(2)(B).

> The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance though an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

*Id.*  Class notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Central Hanover Trust*, 339 U.S. 306, 314 (1950).

The Settlement sets forth a detailed notice and opt-out regime involving, in short, the settlement administrator sending the Class Notice to all Class Members via email or if deemed necessary, by mail, within 30 days of the Notice Date.  (Agreement § II.J.2).  The Class Notice will inform Class Members of the nature of the action, the terms and conditions of the Settlement Agreement and their right to object to or exclude themselves from the Agreement.  The Notice also provides detailed procedures about how to submit an objection or opt-out of the Agreement.  (*Id.* §§ II.K, II.L).  In addition to the direct notice, the Administrator will also establish a dedicated Settlement Website and will maintain and update the website throughout the Claims Period.  (*Id.* § II.G).  The Settlement Administrator will also establish a toll-free helpline and P.O. box available to respond to Class Members' questions concerning the settlement.  (*Id.*).  The Court has reviewed the proposed notice regime and the form

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 23-7498-MWF (DFMx) | Date: June 20, 2024 |
| Title: Mandi Peterson v. Vivendi Ticketing US LLC | |

and substance of the proposed Class Notice and concludes that the proposed class notice satisfies the requirements set forth in Rule 23(c)(2)(B).

Accordingly, the proposed notice and plan of dissemination are **APPROVED**.

## V. CONCLUSION

For the reasons discussed above, the Motion is **GRANTED** insofar as the proposed settlement agreement is preliminarily **APPROVED**; the class is provisionally **CERTIFIED** for purposes of settlement only; and the notice and plan of dissemination are **APPROVED**. The Proposed Order Granting Motion for Preliminary Approval of Class Action Settlement (Docket No. 39-3) is adopted and incorporated into this Order by reference.

Plaintiffs' counsel is also **ORDERED** to submit a hearing date for the final settlement approval by way of stipulation by **July 9, 2024**.

IT IS SO ORDERED.