JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re: Vivendi Ticketing US LLC, d/b/a Vivendi Data Security Incident** | Lead Case No. 2:23-cv-07498-MWF (DFMx) <br><br> **JUDGMENT APPROVING FINAL SETTLEMENT AND ORDER AWARDING ATTORNEYS' FEES, COSTS, AND SERVICE AWARD** <br><br> United States District Judge Michael W. Fitzgerald <br> Courtroom 5A |

Before the Court are Plaintiffs Mandi Peterson, Scott Fitzgerald, Zachary Richmond, Tom Loughead, Mason Verderame, Katie Jezierny, Rian Bodner, Christopher Aragon, and Candice Zinner's (collectively, "Plaintiffs") Motion for Final Approval of Class Action Settlement (the "Settlement Motion") and Motion for Attorneys' Fees, Costs, and Service Awards (the "Fee Motion"). (Docket Nos. 47, 50).

On June 12, 2024, the Court entered an order granting preliminary approval ("Preliminary Approval Order") to the Class Action Settlement Agreement and Release ("Settlement Agreement") between Plaintiffs, individually and on behalf of the Settlement Class (defined below), and Defendant Vivendi Ticketing US LLC, d/b/a See Tickets ("Defendant" or "See Tickets" and, together with Plaintiffs, the "Parties").

On December 16, 2024, the Court held a Final Approval Hearing to determine whether the proposed settlement is fair, reasonable, and adequate, and whether judgment should be entered dismissing the Action with prejudice. The Court reviewed the Settlement Motion, the Fees Motion, and all supporting materials, including but not limited to, the Settlement Agreement and the exhibits attached thereto. The Court also considered oral argument of counsel. Based on this review and the findings below, the Court finds good cause to grant the Motions.

**THE COURT HEREBY ORDERS, ADJUDGES, AND DECREES AS FOLLOWS:**

1. All terms used herein shall have the same meaning as defined in the Settlement Agreement and the Preliminary Approval Order.

2. The Court has jurisdiction over the subject matter of this litigation, all claims raised therein, and all Parties thereto, including the Settlement Class.

3. The Settlement Agreement is fair, reasonable, adequate and in the best interests of Settlement Class Members. The Settlement Agreement was negotiated

at arm's-length, in good faith and without collusion, by capable and experienced counsel with the assistance of an experienced third-party neutral, with full knowledge of the facts, the law, and the risks inherent in litigating the Action, and with the active involvement of the Parties. Moreover, the Settlement Agreement confers substantial benefits on the Settlement Class Members, is not contrary to the public interest, and will provide the Parties with repose from litigation. The Parties faced significant risks, expenses, and/or uncertainty from continued litigation of this matter, which further supports the Court's conclusion that the settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members.

4.  The Court grants final approval of the Settlement Agreement in full, including but not limited to, the releases therein and the procedures for effecting the settlement. All Settlement Class Members who have not excluded themselves from the Settlement Class are bound by this Final Judgment and Order.

5.  The Parties shall carry out their respective obligations under the Settlement Agreement in accordance with its terms. The relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions set forth in the Settlement Agreement.

## **OBJECTIONS AND REQUESTS FOR EXCLUSION**

6.  No objections to the settlement were submitted by Settlement Class Members. Therefore, all Settlement Class Members are deemed to have waived any objections, including but not limited to, by appeal, collateral attack, or otherwise.

7.  No person made a valid and timely request to be excluded from the settlement and the Settlement Class.

8.  The Court finds that the lack of objections and requests for exclusions weighs in favor of finding that the proposed settlement is fair, reasonable, and adequate, and provides the Settlement Class Members with substantial recovery in

light with, or exceeding, those of comparable data breach settlements that have been approved.

## CERTIFICATION OF THE SETTLEMENT CLASSES

9. Solely for purposes of the Settlement Agreement and this Final Judgment and Order, the Court hereby certifies the following Settlement Class and California Settlement Subclass (collectively referred to herein as the "Settlement Class"):

> **Settlement Class** – All individuals in the United States whose information was accessed in the Data Security Incident and who received notice of the Data Security Incident from See Tickets.

> **California Settlement Subclass** – All individuals residing in California as of the Notice Date whose information was accessed in the Data Security Incident and who received notice of the Data Security Incident from See Tickets.

Specifically excluded from the Settlement Class are: (i) any judge or magistrate judge presiding over this Action, members of their staff, and members of their immediate families; (ii) the Released Parties; (iii) persons who properly execute and file a timely request for exclusion from the Settlement Class; (iv) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (v) counsel for See Tickets; and (vi) the legal representatives, successors, and assigns of any such excluded persons. The Settlement Class is made up of 324,911 individuals and the California Settlement Subclass is made up of 66,707, respectively.

10. The Court grants final approval of the appointment of Representative Plaintiffs Mandi Peterson, Scott Fitzgerald, Zachary Richmond, Tom Loughead,

- 4 -

Mason Verderame, Katie Jezierny, Rian Bodner, Christopher Aragon, and Candice Zinner as Class Representatives of the Settlement Class and concludes that they have fairly and adequately represented the Settlement Class and shall continue to do so.

11. The Court grants final approval to the appointment of Mason Barney and Tyler Bean, Siri & Glimstad, LLP, Jason Rathod and Nicholas Migliaccio, Migliaccio & Rathod, LLP and Kenneth Grunfeld, Kopelowitz Ostrow P.A. as Class Counsel. Class Counsel has fairly and adequately represented the Settlement Class and shall continue to do so.

## NOTICE TO THE CLASS

12. The Court finds that the Notice plan provided for in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide, due and sufficient notice to the Settlement Class regarding the existence and nature of the Action, certification of the Settlement Class for settlement purpose only, the existence and terms of the Settlement Agreement, and the rights of Settlement Class Members to exclude themselves from the settlement, to object and appear at the Final Approval Hearing, and to receive benefits under the Settlement Agreement; and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.

## ATTORNEYS' FEES AND COSTS, SERVICE AWARDS

13. Class Counsel is hereby awarded attorneys' fees and reimbursement of litigation expenses in the amount of $812,500. The Court finds this amount to be fair and reasonable. Payment shall be made pursuant to the procedures set forth in the Settlement Agreement.

14. The Court awards Service Awards of $2,500 to each Representative Plaintiff. The Court finds these amounts are justified by their service to the Settlement Class. Payment shall be made from the Settlement Fund pursuant to the

procedures in the Settlement Agreement.

## RELEASE

15. Each Settlement Class Member, including Class Representatives, are deemed to have completely and unconditionally released, forever discharged and acquitted Defendant and the other Released Parties from any and all of the Released Claims (including unknown claims) as defined in the Settlement Agreement. The full terms of the release described in this paragraph are set forth in Section II.I of the Settlement Agreement and are specifically approved and incorporated herein by this reference (the "Release"). In addition, Class Representatives and Settlement Class Members are deemed to have waived (i) the provisions of California Civil Code § 1542, which provides that a general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party, and (ii) and all similar federal or state laws, rules, or legal principles of any other jurisdiction similar, comparable, or equivalent to California Civil Code § 1542.

16. The Settlement Agreement and this Final Judgment and Order apply to all claims or causes of action settled under the Settlement Agreement, and binds Class Representatives and all Settlement Class Members who did not properly request exclusion. The Settlement Agreement and this Final Judgment and Order shall have maximum res judicata, collateral estoppel, and all other preclusive effect in any and all causes of action, claims for relief, suits, demands, petitions, or any other challenges or allegations that arise out of or relate to the subject matter of the Action.

## OTHER PROVISIONS

17. The Court directs the Parties and their counsel to implement and consummate the Settlement Agreement and make available to Settlement Class

- 6 -

Members the relief provided for therein, in accordance with the settlement.

18. The Settlement Agreement and this Final Judgment and Order, and all documents, supporting materials, representations, statements and proceedings relating to the settlement, are not, and shall not be construed as, used as, or deemed evidence of, any admission by or against Defendant of liability, fault, wrongdoing, or violation of any law, or of the validity or certifiability for litigation purposes of the Settlement Class or any claims that were or could have been asserted in the Action.

19. The Settlement Agreement and this Final Judgment and Order, and all documents, supporting materials, representations, statements and proceedings relating to the Settlement, shall not be offered or received into evidence, and are not admissible into evidence, in any action or proceeding, except that the Settlement Agreement and this Final Judgment and Order may be filed in any action by Defendant or the Settlement Class Members seeking to enforce the settlement.

20. If the Effective Date does not occur for any reason, the Action will revert to the status that existed before the Settlement Agreement's execution date, and the Parties shall be restored to their respective positions in the Action as if the Settlement Agreement had never been entered into. No term or draft of the Settlement Agreement, or any part of the Parties' settlement discussions, negotiations, or documentation will have any effect or be admissible in evidence for any purpose in the litigation.

21. Without affecting the finality of this Final Judgment and Order, the Court will retain jurisdiction over this Action and the Parties with respect to the interpretation, implementation, and enforcement of the Settlement Agreement for all purposes.

22. The Court hereby dismisses the Action in its entirety, with prejudice, and without fees or costs except otherwise provided for herein.

NOW, THEREFORE, the Court hereby enters judgment in this matter pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: December 16, 2024  _____
MICHAEL W. FITZGERALD
United States District Judge